HAZOURI, J.
This is an appeal taken by plaintiff, Thomas Davis, from a summary final judgment granted to defendants/appellees, Lin Hilton, Herbert Hilton, Charles Berlitz and Valerie Berlitz. Appellant/plaintiff, Davis, sought money damages from his former wife, Hilton, her parents, Charles and Valerie Berlitz, and her husband, Herb Hilton, in a three count complaint filed in the general civil division of the circuit court. Davis and Lin Hilton are the natural parents of K.D., a minor child. Charles and Valerie Berlitz are the maternal grandparents of K.D. We affirm.
The first count of the complaint alleged that Lin Hilton alienated the parental relationship between Davis, the non-custodial parent, and his daughter, K.D. resulting in the intentional infliction of mental and emotional distress. The count alleged that Lin Hilton consistently prevented the noncustodial parent from seeing, talking to or contacting K.D. The count also alleged that defendant Hilton used her maiden surname “Berlitz” or married name “Hilton” in school and social matters “to foster disrespect, dislike and hatred of the plaintiff by his daughter, K.D.” The count further alleged that Lin Hilton “breached her *975 affirmative duty to encourage and nurture the minor child’s relationship with the noncustodial parent....”
The second count of the complaint was also directed against Lin Hilton and asserted that she breached paragraph XII of a property settlement agreement. That portion of the agreement provides:
The parties agree and stipulate to the entry of an Order of the Court retraining [sic] each of the parties from disturbing the peace or harassing the other by verbal or non-verbal acts; further the parties agree that neither party shall attempt to alienate the affection of the child of the parties from the other party nor permit any other person to do so insofar as they can control or prevent the action of the person; neither party shall belittle or disparage the other, either in public or in private.
The third count of the complaint alleged a civil conspiracy and was directed against the three remaining defendants: Herbert Hilton, the husband of Lin Hilton, and Charles and Valerie Berlitz, the maternal grandparents of K.D. The third count specifically alleged that these three defendants “have conspired and aided and abetted the actions of the Defendant Lin Hilton in alienating the parental relationship between the Plaintiff THOMAS I. DAVIS and his daughter ... resulting in intentional infliction of mental distress on Plaintiff.” The answers denied the material allegations of the complaint and affirmatively asserted that Davis himself eroded the relationship with his daughter. The answers alleged that his lack of interaction with his daughter was the result of court orders barring visitation.
Judge Streitfeld, in his order granting the amended motion for summary judgment of October 8, 1999, which was incorporated by reference in the final summary judgment of December 18, 1999, reasoned:
Plaintiff and Defendant Lin Hilton are the natural parents of K.D., Lin Hilton is married to Herbert Hilton. Charles and Valerie Berlitz are the biological' grandparents of K.D. In counts I and II against Lin Hilton, Plaintiff alleges “parental alienation resulting in the intentional infliction of mental and emotional distress” and “breach of the property settlement agreement.” In count III, plaintiff alleges a civil conspiracy in that while K.D. lived in the Berlitz home, the Berlitzs and Herbert Hilton conspired to alienate K.D.’s affections for the Plaintiff which caused Plaintiff mental distress. •
The clear language of Florida Statutes § 771.01 abolishes the claim of alienation of affections. Further, for an actionable claim of a third party conspiracy there must be an underlying tort. In Liappas v. Augoustis et al, 47 So.2d [582,] 588 (Fla.1950), the Florida Supreme Court held that
since the right of action for alienation of affections no longer exists, a civil action for conspiracy based on such civil wrong cannot be maintained, unless the mere force of numbers, acting in unison, or other exceptional circumstances, gives rise to an independent wrong. Id. at 583.
There is no Florida case creating an exception to § 771.01 for a cause of action for alienation of affections where one parent damages the other parent’s relationship with the child.
The Florida Supreme Court recently recognized a cause of action for intentional interference with a custodial parent-child relationship by a non-parent. Stone v. Wall 734 So.2d 1038 (Fla.1999). In Stone, Stone and his ex-wife had a child S.P.S. S.P.S’s maternal grandparents abducted S.P.S. Irom the state, refused to tell Stone of the child’s whereabouts, and refused to return the child. Id. at 1040. After having incurred travel, investigative, and other costs in relocating and returning the child, Stone filed suit against the maternal grandparents and maternal aunt for interference *976 with his right as a father to custody and for damages and costs. Id. The Court relied on the Restatement (Second) of Torts, sections 699, 700 (1977), which recognizes the intentional interference with the custodial parent-child relationship and the alienation of affections as two distinct torts, and which specifically recognizes a cause of action for the former. Id. at 1045. While alienation of affections involved interference with the child’s affections, intentional interference with the custodial parent-child relationship involves more; it involves depriving the custodial parent of physical custody of the child. Id. The Court found this distinction to be critical. Id. Tort litigation for alienation of affections carries the risk that litigation might increase intra-family disharmony and force children to testify in court, as pawns, testifying against a parent. Id. at 1046. The Court reasoned, therefore, that only where there is the additional element of interference with parental physical custody by a third party is it in the child’s best interest to allow a cause of action in tort. Id. at 1045, 1046. In the instance case, there is no physical interference by third parties with the custodial relationship.
Family and dependency actions are pending involving this matter. If there is a violation of a dissolution of marriage order and/or a court approved agreement and/or statutory parental rights, the family court is uniquely positioned to attempt to correct the violation, to minimize harm, and to fashion a remedy, which may include monetary sanctions. These issues are best left for the family court. Because there is no physical interference with the custodial relationship, Plaintiff has no cause of action for alienation of affections or for conspiracy based on that tort.
We agree with Judge Streitfeld’s reasoning and adopt it as our own and affirm the granting of the final summary judgment.
STEVENSON, J., concurs.
GROSS, J., concurs specially with opinion.